**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NANCY PARRA, )<br> )<br>　　　　Plaintiff, )<br> )<br>　　vs. )<br> )<br>TESTING KIT SALES CORP., formerly )<br>known as HOME ACCESS HEALTH )<br>CORPORATION, a Delaware Company, )<br> )<br>　　　　Defendant. ) | CASE NO.:<br>**JURY DEMAND** |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, NANCY PARRA, by and through her attorneys, S.T. LEGAL GROUP, and, who for her Complaint against the Defendant, TESTING KIT SALES CORP., formerly known as HOME ACCESS HEALTH CORPORATION, alleges as follows:

**NATURE OF ACTION**

1. This lawsuit arises under the Family Medical Leave Act, 29 U.S.C. § 102(a)(1)(D), for Defendant interference with and retaliation for using FMLA leave. This lawsuit further arises under the Fair Labor Standards Act, 29 U.S.C. §215(a)(3), for Defendant's retaliation for making a complaint to the United States Department of Labor.

**JURISDICTION**

2. Federal jurisdiction arises under the provisions of Family Medical Leave Act, 29 U.S.C. § 102(a)(1)(D), the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, and federal question jurisdiction under 28 U.S.C. § 1331 and § 1343.

1

## VENUE

3.  Pursuant to 29 U.S.C. § 1391, venue lies in the Northern District of Illinois in that Plaintiff is a resident in this District, the Defendant is engaged in a business in this District, and a substantial part of the alleged events or omissions giving rise to the claims occurred in this District.

## PARTIES

4.  At all relevant times, the Plaintiff, NANCY PARRA, was a resident of Palatine, County of Cook, State of Illinois.

5.  At all relevant times, the Defendant, TESTING KIT SALES CORP., formerly known as HOME ACCESS HEALTH CORPORATION (hereinafter "HAHC"), was a corporation organized under the laws of the State of Delaware with its principal place of business in Hoffman Estates, Illinois. The Defendant is engaged in the business of administering and collecting self-collected lab tests.

6.  On or about January 15, 2018, the Plaintiff, NANCY PARRA, agreed to become an employee of the Defendant, HAHC. Her most recent title was Fulfillment Specialist.

7.  Most recently, in exchange for her services, the Defendant, HAHC, and Plaintiff agreed that the Plaintiff would be compensated for her services on an hourly basis and was overtime eligible.

8.  At the time of hiring, the Plaintiff, NANCY PARRA, did not have any conditions requiring accommodation.

9.  On or about November 9, 2020, the Plaintiff, NANCY PARRA, had emergency gallbladder removal. During that procedure, the Plaintiff was diagnosed with a tumor that

required removal.

    10.    Shortly thereafter, the Plaintiff, NANCY PARRA, informed the Defendant, HAHC, of her gallbladder operation and tumor. The Plaintiff requested an accommodation of work from home during her surgical recovery from gallbladder removal. This was granted.

    11.    On or about January 7, 2021, the Plaintiff, NANCY PARRA, underwent a surgical procedure to remove the above-described tumor.

    12.    Subsequent to her January 7, 2021 surgery, the Plaintiff, NANCY PARRA, was placed on leave by the Defendant, HAHC, pursuant to the Families Medical Leave Act (hereinafter "FMLA Leave").

    13.    At the time that the Plaintiff, NANCY PARRA, took FMLA Leave on or about January 7, 2021, the Plaintiff expected to return to work on or about March 4, 2021. The Plaintiff made the Defendant aware of this.

    14.    On or about February 18, 2021, the Plaintiff, NANCY PARRA, was informed by her physician that she could not return to work until April 1, 2021. The Plaintiff made the Defendant aware of this.

    15.    On or about February 24, 2021, the Plaintiff, NANCY PARRA, was terminated from employment by the Defendant, HAHC.

    16.    Subsequent to the Plaintiff's termination, her position of Fulfillment Specialist was filled by two persons.

    17.    Historically, the Department in which the Plaintiff worked was a three-person department.

    18.    Subsequent to the Plaintiff's termination, the Department in which the Plaintiff

worked became a five-person department. All individuals are believed to be non-disabled and have not used FMLA Leave.

## COUNT I – Violation of Family Medical Leave Act

19. The Plaintiff, NANCY PARRA, incorporates and adopts paragraphs 1 through 18 as if set forth herein fully as paragraph 19.

20. Under the Family Medical Leave Act (hereinafter "FMLA"), the Plaintiff, NANCY PARRA, was an "eligible employee." An "eligible employee" is defined as "an employee who has been employed for at least 12 months by the employer with respect to whom leave is requested under section 102; and for at least 1,250 hours of service with such employer during the previous 12-month period."

21. Under the FMLA, the Defendant, HAHC, was an "employer" who was required to grant its employees with FMLA benefits. An "employer" is defined by the FMLA as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year; any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and any successor in interest of an employer; and includes any "public agency," as defined in section 3(x) of the Fair Labor Standards Act of 1938 (29 U.S.C. 203(x))."

22. From on or about January 7, 2021 until her termination, the Plaintiff, NANCY PARRA, was off from work because of a surgical procedure and necessary recovery.

23. Pursuant to the FMLA, an employer is prohibited from interfering with, restraining, or denying the exercise of, or the attempt to exercise, any FMLA right; discriminating or retaliating

4

against an employee for having exercised or attempted to exercise any FMLA right; and discharging or in any other way discriminating against any person for opposing or complaining abut any unlawful practice under the FMLA.

24. In violation of the Family Medical Leave Act, the Defendant, HAHC, committed one or more of the following actions:

  a. Interfered with the Plaintiff's exercise or attempted exercise of continued FMLA Leave;

  b. Discriminated against the Plaintiff for using FMLA Leave or otherwise exercising rights under the FMLA;

  c. Retaliated against the Plaintiff for using FMLA Leave or otherwise exercising rights under the FMLA; and

  d. Was otherwise in violation of the Family Medical Leave Act.

25. As a result of the above alleged conduct of the Defendant, HAHC, the Plaintiff, NANCY PARRA, has sustained the following and ongoing damages:

  a. Loss of wages, benefits, and income;

  b. Attorneys' fees and costs for the prosecution of this action and ongoing;

  c. Prejudgment interest;

  d. Accompanying statutory penalties; and

  e. other losses to be determined.

WHEREFORE, the Plaintiff, NANCY PARRA, prays for judgment against the Defendant, TESTING KIT SALES CORP., formerly known as HOME ACCESS HEALTH CORPORATION, plus her costs of suit, statutory penalties, and attorneys' fees.

**COUNT II – Violation of Illinois Minimum Wage Law**

26. The Plaintiff, NANCY PARRA, realleges and incorporates paragraphs 1 through 25 as if fully set forth herein as paragraph 26.

27. At all relevant times, there was in effect in the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*

28. During the course of employment, the Plaintiff, NANCY PARRA, was an "employee" as defined by 29 U.S.C. § 203(e).

29. During the course of employment, the Defendant, HAHC, was an "employer" as that term is defined by 29 U.S.C. § 203(d).

30. Pursuant to 15(a)(3) of the FLSA, it is a violation for "any employer may not discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act … ."

31. In or about September and October 2020, the Plaintiff, NANCY PARRA, was not compensated overtime for certain hours that she worked.

32. In or about December 2020, the Plaintiff, NANCY PARRA, after not receiving compensation for these hours, instituted a proceeding for compensation with the United States Department of Labor.

33. Subsequent to this filing, the Plaintiff, NANCY PARRA, was advised to try to resolve the matter with the Defendant. The Plaintiff attempted to resolve this matter and dismissed her claim before the USDOL.

34. The Plaintiff, NANCY PARRA, could not resolve her wage claim with the

Defendant, HAHC.

35. Therefore, in January 2021, the Plaintiff, NANCY PARRA, refiled her claim before the USDOL against the Defendant. HAHC.

36. After this filing, the Plaintiff, NANCY PARRA, was compensated for this time and the USDOL proceeding was closed.

37. Subsequent to the filing of her USDOL Complaint, the Plaintiff, NANCY PARRA, sustained the above-described disparate treatment including, but not limited to, not being permitted to work remotely and being terminated.

38. In violation of the FLSA, the Defendant, HAHC, committed one or more of the following actions:

    a. Terminated in the Plaintiff for making a claim to the United States Department of Labor;

    b. Was otherwise in violation of the FLSA.

39. As a result of the above alleged conduct of the Defendant, HAHC, the Plaintiff, NANCY PARRA, has sustained the following and ongoing damages:

    a. Loss of wages, benefits, and income;

    b. Attorneys' fees and costs for the prosecution of this action and ongoing;

    c. Prejudgment interest;

    d. Accompanying statutory penalties; and

    e. other losses to be determined.

WHEREFORE, the Plaintiff, NANCY PARRA, prays for judgment WHEREFORE, the Plaintiff, NANCY PARRA, prays for judgment against the Defendant, TESTING KIT SALES

CORP., formerly known as HOME ACCESS HEALTH CORPORATION, plus her costs of suit, statutory penalties, and attorneys' fees.

## JURY DEMAND

A Jury Trial is requested on all claims triable by a jury.

Respectfully Submitted,

_____
Diana C. Taylor
Attorney for the Plaintiff

DIANA C. TAYLOR (4994471)
S.T. Legal Group
1020 Milwaukee Ave., Suite 335
Deerfield, Illinois 60015
(847) 654-9200
dtaylor@stlegalgroup.com